UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**PETER A. LEWIS**

Debtor

Chapter 11

Case No. 24-20041

## STATUS REPORT OF PETER A. LEWIS

NOW COMES Peter A. Lewis, Debtor and Debtor in Possession in the above captioned matter (the "Debtor"), by and through his undersigned counsel, and, pursuant to 11 U.S.C. § 1188(c) and the Court's Order Setting Status Conference dated March 5, 2024 [Dkt. No. 5], hereby files this Status Report:

### Status Conference

1. This Court will hold a status conference in this Subchapter V Chapter 11 case pursuant to 11 U.S.C. § 1188(a) on **April 11, 2024**, at **01:00 PM**.

### Background

2. The Debtor filed his voluntary petition initiating this case on March 4, 2024 (the "Petition Date").

3. The Debtor does business as T and K Holdings LLC, a firearms sales business with a storefront located in Augusta, Maine.

4. Prior to the Petition Date and due to post-covid liquidity issues, the Debtor used personal money, personal credit cards, business loans and merchant cash advances to open and keep the business operational. The Debtor's assets and liabilities are detailed in his Schedules and Statement of Financial Affairs, filed with the Petition at Dkt. No. 1 and amendments thereto at Dkt. No. 17.

5. The Debtor filed this Subchapter V Chapter 11 case for the purpose of reorganizing his financial affairs. The Debtor's goal in reorganizing is to maintain the operation of his business as a going concern.

## Summary of Debts

6. The Debtor has the following fully or partially secured creditors, as included in the Debtor's Schedule D at Dkt. No. 1:

| **Secured Creditor** | **Claim Amount** |
|---|---|
| Credit Union 1 (secured by vehicle) | $24,027.00 |
| Flagstar Bank (first priority mortgage lien; secured by Debtor's residence) | $135,943.00 |
| Flagstar Bank (second priority mortgage lien; secured by Debtor's residence) | $79,984.00 |

7. The Debtor has no nonpriority unsecured debt, as reflected in the Debtor's Schedule E/F.

8. The Debtor has nonpriority unsecured debt in the total amount of $536,839.34, as reflected in the Debtor's Schedule E/F.

## Significant Events in the Case

9. The Debtor filed the following First Day Motions: Application to Employ Tanya Sambatakos and Molleur Law Office as Attorney for Debtor [Dkt. No. 6].

10. On March 6, 2024, the United States Trustee filed its Notice of Appointment of Subchapter V Trustee [Dkt. No. 8], appointing Jeffrey T. Piampiano, Esq., as the Subchapter V Trustee in this case.

11. One March 20, 2024, Debtor filed Amended Schedule A/B, Amended Schedule C and Amended Schedule E/F [Dkt. No. 17].

12. The Meeting of Creditors pursuant to Bankruptcy Code section 341(a) is scheduled to be held telephonically on April 9, 2024, at 11:00 AM.

## Status of Debtor's Plan of Reorganization

13. Pursuant to Bankruptcy Code section 1189(b), the Debtor's plan of reorganization (the "Plan") is due on or before June 3, 2024. The Debtor anticipates filing his Plan using Official Form 425A and does not anticipate filing a separate disclosure statement. The Debtor does not foresee any issues with meeting the plan filing deadline.

14. The Debtor anticipates that the plan will provide that the Debtor will continue making regular payments as contractually due to Flagstar Bank on account of its secured first mortgage lien on the Debtor's residence.

15. The funds the Debtor received on account of the second mortgage lien with Flagstar Bank were used for start-up costs related to T & K Tactical and not to purchase the Debtor's home. The Debtor intends to modify this mortgage loan as part of his Plan as permitted by 11 U.S.C. §1190(3).

16. The Plan will reamortize the vehicle loan owed to Credit Union 1 to reduce the monthly payment and ensure that the Debtor's plan is feasible.

17. The Plan is also anticipated to propose a fair dividend to holders of allowed nonpriority unsecured claims based on its projected disposable income over the next three years.

18. The Debtor expects to work with the Subchapter V Trustee to address creditor concerns as they arise.

19. The Debtor believes that he will be able to propose a Plan to which his creditors will consent. In the event, however, that the Plan cannot be confirmed consensually, the Debtor anticipates proposing a Plan that may be confirmed in accordance with the provisions of Subchapter V despite any objections thereto.

Dated:  March 28, 2024                           Peter A. Lewis

                                                 BY: */s/ Tanya Sambatakos*
                                                 Tanya Sambatakos, Esq.
                                                 Molleur Law Office
                                                 190 Main Street, 3rd fl
                                                 Saco, ME 04072
                                                 (207) 283-3777
                                                 tanya@molleurlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**PETER A. LEWIS**

Debtor

Chapter 11

Case No. 24-20041

## CERTIFICATE OF SERVICE

I, Deana Kariotis, hereby certify that I am over eighteen years old and caused a true and correct copy of Status Report to be served on the parties at the addresses set forth on the Service List attached hereto either electronically on March 28, 2024, or via first class U.S. Mail, postage prepaid, on March 28, 2024.

Dated: March 28, 2024

Peter A. Lewis

By: */s/ Deana Kariotis*
Deana Kariotis
Molleur Law Office
190 Main St., 3rd Floor
Saco, ME 04072
207-283-3777
deana@molleurlaw.com

**SERVICE LIST**

**Served electronically:**

Office of U.S. Trustee
Subchapter V Trustee
All parties on Court ECF mailing list